**VAIMAONA FAMILY of Laulii by VAIVAIMALEMALO,**
**Plaintiff**

**v.**

**MULITAUAOPELE S. of Laulii, Defendant**

No. 57-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Aumi" in Laulii]

February 16, 1948

---

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and NUA, *District Judge.*

DECISION

Heard at Fagatogo on February 3, 1948.

324

Vaimaona for the Vaimaona family; Mulitauaopele S. *pro se.*

MORROW, *Chief Justice.*

Mulitauaopele Suiava offered certain land in Laulii for registration as the communal family land of the branch of the Pele family of which he is the matai, such offer being accompanied by a survey of the land. The Vaimaona family by Vaivaimalemalo filed an objection claiming the land as its communal property.

The plat shows a dotted line running slightly east of the middle, from the high water mark on the southern boundary to the bottom of the cliff on the northern boundary. This line runs through a fale now standing on the land. When the Judges visited the property the day preceding the hearing, Vaivai, a former holder of the Vaimaona title who filed the objection for the family, stated to the Judges that the land in the survey west of such line belonged to the Pele title and not to the Vaimaona family. He was the principal witness for the family at the hearing. As such witness he testified that all the surveyed tract belonged to his family, thus repudiating his statement to the Judges 24 hours before. In the opinion of the Court this inconsistency weakens his credibility as a witness. If one statement is true, the other is not.

To support the claim of ownership of the land by the Vaimaona family, Vaivai testified that his family had plantations on the land for 48 years beginning with the administration of Vaimaona Mali and continuing through administrations of successive matais of the family to and including his own mataiship which ended in 1941. The Marines occupied the land during the war. When it ended in 1945 Tautau, now rendering service to the Vaimaona, put up a fale on the land and has occupied it ever since. Tautau

was formerly a member of the Pele family and rendered service to Pele Tinoifili and after him to Sele Savea, who died in 1941. When Pele S., the proponent, received the title in 1945 Tautau went over to the Vaimaona family and refused to render service to Pele S.

The testimony of Vaivai was supported in part by testimony of another witness. In answer to the question "Is the title Vaimaona in the Pele family?" Vaivai answered "Yes". He also testified that he was a member of the Pele family.

Filemu who is between 80 and 90 years old and who married into the Pele family some 70 years ago—he has been blind for more than 10 years—testified that he had plantations on the disputed land "from the time the government appointed policemen, magistrates and pulenuus up until the time Vaimaona claimed this land as his. I asked my boys and children whether my plantations were still on the land and they said most of them were still there beyond the survey." This means that the witness had plantations on the land from shortly after the Government was established in 1900 up to 1945. Of course the Marines for military reasons did not interfere with plantations any more than they could avoid. Filemu further testified that he cleared the land from bush shortly after the Government was established. Luatupu, the widow of Pele Leaana, who has lived in Laulii for about 40 years, testified that she had seen Filemu working his plantations on the land for "about 30 years." In answer to the question "Did you and Pele Tinoifili plant plantations on the land Aumi before you married Pele Leaana?" she said: "Yes and we cut copra from that place." The testimony of Filemu and Luatupu to the effect that the surveyed land had been used by the Pele family for plantations from shortly after the Government was established in 1900 up to the time Tautau (also a member of the Pele family, who moved on to the tract in

1945) began to render service to the Vaimaona about 1945, is fully corroborated by the testimony of other witnesses.

Despite the conflict in the testimony we are convinced that the evidence very clearly preponderates in favor of the view that Filemu, a man married into the Pele family, and rendering service to a Pele, cleared the land of bush shortly after the Government was established and that the Pele people had plantations on it thereafter until the Marines moved in after the war started in 1941; that they continued to have some plantations on it despite the occupation by the Marines during the war; that when Pele S. got the title in 1945, Tautau, the present occupant, who had rendered service to the former Peles beginning with Pele Tinoifili, went over to the Vaimaona family and at that time the present claim of the Vaimaona to the land had its inception. Under Samoan customs, when Filemu cleared the land of bush, put in plantations, rendered service to the then Pele and the Pele and he claimed the land as communal land of the Pele family, it is clear that the land became Pele communal land. Section 2 of the American Samoan Code provides that "The customs of the Samoans not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall be preserved . . ." The prior Codes have contained provisions to the same effect. There is and has been no law of American Samoa or of the United States concerning American Samoa prohibiting the acquisition of title to bush land pursuant to Samoan customs as they existed at the time Filemu cleared the land of bush and put in the plantations.

Furthermore we are convinced from the evidence that if there was any prior claim to the land by any other family or person, it was outlawed by the statute of limitations 20 years after the land was cleared by Filemu. 2 Corpus Juris 251; *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Amituanai v. Tuli*, No. 52-1948 (Am. Samoa). See also *Talo v. Tavai*, No. 14-1938 (Am. Samoa). The evi-

dence convinces us that the possession of the land by the Pele people for 20 years after Filemu took possession and put in plantations was actual, open, continuous, exclusive, hostile, visible, notorious and under claim of title. See II Tiffany on Real Property (2nd Ed.) Sections 501–504.

Pele Fia and Pele Veu, then joint holders of the Pele title, divided the Pele lands between them years ago, but such division occurred after the occupation of the surveyed land by Filemu. Mulitauaopele S., the proponent, is a remote successor in title to the Pele to whom the surveyed land was given when the division was made.

It is our conclusion from the evidence and the law that Mulitauaopele S. is the owner of the surveyed land in his capacity as a matai.

It is therefore ORDERED, ADJUDGED AND DECREED that the land situated at Aumi, as shown on the plat filed in this case, be registered as the communal family land of that branch of the Mulitauaopele family of which Mulitauaopele Suiava is the present matai. The Registrar of Titles will be so advised.

Costs in the amount of $25.00 are hereby assessed against Vaimaona, the same to be paid within 30 days.